# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| LEVI ALEXANDER,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA PRERELEASE,<br><br>Defendant. | Cause No. CV 11-00032-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

On June 6, 2011, this Court issued an Order finding Plaintiff Levi Alexander had failed to state an Americans with Disabilities Act claim and as such, his complaint was subject to dismissal. (C.D. 5). Mr. Alexander was given an opportunity to file an amended complaint on or before July 8, 2011. He failed to do so. Accordingly, for the reasons set forth in the Court's June 6, 2011 Order, it will be recommended that the Complaint be dismissed.

## A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a

claim. 28 U.S.C. § 1915(g). This dismissal constitutes a strike because Mr.

Alexander has failed to state a claim upon which relief may be granted.

## B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the
> district-court action, or who was determined to be financially unable
> to obtain an adequate defense in a criminal case, may proceed on
> appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is
>> filed-certifies that the appeal is not taken in good faith or finds
>> that the party is not otherwise entitled to proceed in forma
>> pauperis and states in writing its reasons for the certification or
>> finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken

in forma pauperis if the trial court certifies in writing that it is not taken in good

faith." The good faith standard is an objective one. See Coppedge v. United

States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement

if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue,

558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For

purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law

or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225

(9th Cir. 1984).

The finding that Mr. Alexander's complaint fails to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Alexander's Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Alexander's failure to state a claim.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO
FINDINGS & RECOMMENDATIONS AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Alexander may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of August, 2011.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge